[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

RECEIVED
APR 26 2022
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## GARY WARREN HANCOCK, JR.

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

## United States of America

22 cv 50127
Judge Iain D. Johnston
Magistrate Judge Lisa A. Jensen

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

**CHECK ONE ONLY:**

_____ COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983
U.S. Code (state, county, or municipal defendants)

_____ COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
28 SECTION 1331 U.S. Code (federal defendants)

✓ OTHER (cite statute, if known) Federal Tort Claims Act
28 U.S.C. § 1346 (b)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

I.    **Plaintiff(s):**

A.    Name: Gary Warren Hancock, Jr.

B.    List all aliases: N/A

C.    Prisoner identification number: 56765-037

D.    Place of present confinement: United States Penitentiary

E.    Address: P.O. Box 1002, Thomson, IL 61285

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II.   **Defendant(s):**
(In A below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in B and C.)

A.    Defendant: United States of America

      Title: N/A

      Place of Employment: N/A

B.    Defendant: _____

      Title: _____

      Place of Employment: _____

C.    Defendant: _____

      Title: _____

      Place of Employment: _____

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

2                                                          Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

III. List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:

A. Name of case and docket number: _Gary Hancock V. United States 1:20-CV-00483_

B. Approximate date of filing lawsuit: _7/16/2020_

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: _N/A_

D. List all defendants: _United States_

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): _Southern District of West Virginia_

F. Name of judge to whom case was assigned: _David A. Faber_

G. Basic claim made: _negligence/Tort (Medical)_

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): _Still pending_

I. Approximate date of disposition: _N/A_

IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.

Continued on attachment. (Attachment 1")

3

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

<u>Attachment 1</u>                    Pg 1

III (list of filed lawsuits, Continued)

1.) A.) Gary Hancock v. Nancy Smith, et. al,
Case # 7:20-CV-00225-JPJ-PMS; B.) Filed in
April 2020; C.) N/A, no Co-plaintiffs;
D.) All Defendants — Nancy Smith, Benjamin Parker,
Debbie Saylor, Vibeke Dankwa, Charles Bray,
Timothy York, ~~Nancy~~ Maria Marrero;
E.) District Court For the Western District of
Virginia, Roanoke Division; F.) Judge James
P. Jones; G.) Basic Claim — Denial of
Medical Care; H.) Disposition — Dismissed for
failure to Exhaust remedies, after plaintiff argued
that administrative remedies were made unavailable
by prison staff, Dismissal for failure to exhaust
doesn't count as a "strike" under the PLRA
See, Jones v. Bock, 549 U.S. 199, 214-215, 127 S.ct.
910 (2007); I.) Date of Disposition — 3/8/2022

2.) A.) Gary Hancock v. Lieutenant LaFave,
Case # 7:20-CV-00687; B.) Approx. Date of Filing —
November 2020; C.) N/A; D.) Lt. LaFave,
Parker, Sluss, Lt. M. Childers, Winston Kelly,
P. Corbin, C. Stapleton, Officer Thomas,
Lt. Lively; E.) Western District of Virginia,

Attachment 1 (continued)

Pg 2

Roanoke Division; F.) Judge James P. Jones; G.) Basic Claim - Excessive Force/Cruel and Unusual Punishment; H.) Dismissed for Failure to exhaust after arguing that remedies were unavailable; I.) Date of Disposition - 3/10/2022

3.) A.) Gary Warren Hancock, Jr. v. Barbara Rickard, Case # 1:18-00024; B.) Filed - 1/8/2018; C.) N/A ; D.) Defendants - Barbara Rickard, Walters, Sawyers, Nowlin, John Doe #1, John Doe #2, Norris, John Doe #3, Pharmacist John Doe; E.) Southern District of West Virginia; F.) Judge David A. Faber; G.) Basic Claim(s) - Unconstitutional Prison Conditions and Medical Negligence; H.) Dismissed in District Court, Appeal Still Pending; I.) Date of Disposition - 3/30/2020

4.) A.) Gary Warren Hancock, Jr. V. Thomas M. Sullivan, et al., Case # 2018 U.S. Dist. LEXIS 92686, Civil action # DKC-18-77; B.) filed - 1/9/2018; C.) N/A; D.) Defendants - Thomas M. Sullivan, Michael Thomas Packard, John Chamble, Gary Edward Proctor, Lakeytria Windray Felder, Patricia Slater, Erick Gonzalez, Eugene White, Robert Stevenson, Richard Wohlkittel, Valencia Moss, Desmond Dawson, Maiusz Richter; E.) District of Maryland, Southern Division; F.) Judge Deborah K. Chasanow; G.) Basic Claim - Fabricating evidence, false testimony; H.) Dismissed without Prejudice; I.) 5/31/2018 (not dismissed as frivolous, Malicious, or failing to state a claim)

Attachment 1 (continued

pg 3

5.) A.) Gary Warren Hancock, Jr. v. Chesapeake Detention Facility, Case # DKC-14-270; B.) Filed-1/28/2014; C.) N/A; D.) defendants - Chesapeake Detention Facility, Maryland Department of Public Safety and Correctional Services; E.) District of Maryland; F.) Judge Deborah K. Chasanow; G.) Basic Claim - Unconstitutional Prison Conditions; H.) Dismissed; I.) 2/7/2014

6.) A.) Gary Hancock v. United States, Case # 7:22-CV-00192-JPJ-PMS; B.) Filed - 4/5/2022; C.) N/A; D.) Defendant - United States; E.) Western District of Virginia; F.) Judge Pamela Meade Sargent; G.) Claim - Medical Negligence/Malpractice; H.) Still Pending; I.) N/A

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

## IV.   Statement of Claim:

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

See "Attachment 2", "Complaint" for Complete Statement of Claim.

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

See "Attachment 2", "Complaint"

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

**V.** **Relief:**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

See "Attachment 2", "Complaint", Section titled "Relief Requested" ~~complaint~~ pg 8-9

**VI.** The plaintiff demands that the case be tried by a jury. ☑ YES ☐ NO

## CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this 19th day of April, 2022

_____
(Signature of plaintiff or plaintiffs)

Gary Warren Hancock, Jr.
(Print name)

56765-037
(I.D. Number)

USP. Thomson
P.O. Box 1002
Thomson, IL 61285
(Address)

Revised 9/2007
[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Attachment

2

Complaint

In The United States District Court
For The Northern District of Illinois

pg 1 of 9

GARY HANCOCK

V.                              Civil Action #

UNITED STATES

## Complaint

Comes now the plaintiff, pro se, filing this civil action pursuant to 28 U.S.C. § 1346(b) Federal Tort Claims Act (FTCA), alleging negligence on the part of prison staff at the Federal Bureau of Prisons (FBOP) United States Penitentiary (USP) in Thomson, IL.

## Exhaustion of Administrative Remedies

The plaintiff has exhausted his administrative remedies as required. Administrative Claim # TRT-NCR-2021-07619 was denied by the FBOP North Central Regional Office on 12/15/2021.

## Jurisdiction

1.) The Court has jurisdiction over the plaintiff's claims [of negligence] under 28 U.S.C. § 1346(b), the Federal Tort Claims ACT (FTCA).

## Parties

2.) The plaintiff, Gary Warren Hancock, JR.,

is a Federal prisoner housed at the FBOP USP in Thomson, Illinois.

3.) The United States of America is the only proper defendant in cases bought under 28 U.S.C. § 1396 (b).

## Facts

4.) On or about May 17, 2021 the plaintiff was released from the special Housing Unit (SHU).

5.) Correctional Officers Nowlting and Brubaker escorted the plaintiff from the SHU in E-Unit to A-unit. The plaintiff believes that Nowlting's name has since changed, maybe due to marriage.

6.) While leaving the SHU, the plaintiff had two green, military-style duffle bags full of property. The combined weight of these two bags felt like between 250-300 pounds.

7.) In the corridors leaving the SHU in E-Unit, Camera Footage should show me gesturing toward a push cart, to transport my heavy property. Footage should also show officers Nowlting and Brubaker refusing to allow the plaintiff

to use a cart to transport his property; with officer Nowlting snatching one of the bags off of the cart letting it slam to the floor.

8.) At that time I told both officers that I still had shortness of breath from catching COVID recently, as well as ~~shortness of breath~~ chronic, abdominal and back pain and that the bags were too heavy, for me to carry across the compound. I told Nowlting and Brubaker that Medical staff had been aware of my back pain, and I continued to ask to use a cart while leaving E-Unit.

9.) The officers continued to deny me access to a cart even after they had seen that it was humanely impossible for me to carry the bags on my own.

10.) When ordered by Nowlting and Brubaker to carry the bags, I could only walk 5-10 steps before I had to drop the bags to rest. I estimate that the distance from E-Unit to A-Unit is between 1/3 to 1/2 Mile.

11.) On approximately the 3rd or 4th time that I tried to lift the bags, I felt a

popping sensation in the right side of my lower back. This sensation was accompanied by extreme pain which shot down my legs and made it impossible for me to stand up straight for a while. This moment should be recorded by the cameras at USP Thomson.

12.) I told Brubaker that I had injured my back at that moment, and he insisted that I continue to carry the bags on my own.

13.) After the injury it was impossible for me to lift the bags and Brubaker ordered me to drag them. By this time (approximately), Officer Nowlting had walked away, leaving Brubaker alone to escort me. I was in agonizing pain as I was forced to drag the bags across the compound. Dragging the bags wore holes in them.

14.) Halfway across the compound two other inmates saw me struggling to drag the bags and offered to help me. Camera footage from this date should show that even with three of us carrying the two heavy bags, the bags were cumbersome and were difficult for all three of us to carry. See, EXHIBIT 1, Affidavit by Artavis Williams Reg #00158-120.

## Medical Negligence

15.) The plaintiff reported to the Medical Department at USP Thomson the following Morning for sick-call for his back injury. The Nurse prescribed 7 days worth of Ibuprofen for the plaintiff. See, Exhibit 2, Medical record.

16.) The following week the plaintiff reported to sick call because he was still in pain from the back injury and his pain Medication Prescription had expired. At that sick-call visit, the plaintiff told the nurse (believed to be Nurse Wierema on 5/24/2021) that he was still in a lot of pain from the back injury, and that the Ibuprofen helped a little but not much, and he needed ~~xxxxx~~ a stronger pain Medication or at least a renewal of the Ibuprofen prescription. The nurse said that there was nothing more she could do for Me for the back injury, and refused to renew the prescription for Ibuprofen, despite the fact that the plaintiff was still in pain. ~~xxxxxxxx~~ ~~xxxxxxxx~~

17.) The plaintiff is not certain if it was the visit on 5/24/2021 where he complained of continuing pain from the back injury. It is possible that the plaintiff visited sick-call again on 5/25/2021 or, 5/26/2021 after his pain Medication expired. In

either case, it appears that the nurse failed to document plaintiff's second sick-call visit for the injury. Camera footage from the Medical Department should show if the plaintiff visited sick-call again on the 25th or 26th of May 2021.

18.) The plaintiff vaguely recalls it being the same nurse who prescribed the Ibuprofen denying it the second time, and not Wierema.

19.) The plaintiff had notes of all dates, which were destroyed by prison staff when he recently went to the hole on 2/27/2022.

## Claims For Relief

20.) The actions of Officers Nowlting and Brubaker in forcing me to transport a load of personal property weighing approximately 250-300 pounds, all the way across the prison compound, sadistically knowing that it was impossible for me to carry this property; and refusing to allow me to use a push-cart when there were several carts available, resulting in the plaintiff injuring his back, all constituted the Tort of negligence on the part of Federal prison staff and violated the FBOP's "duty of Care" under Federal Statute 18 U.S.C.

§ 4042. (a).

21.) Being Forced to carry the impossible load, and then being forced to drag the load for a long distance while in pain after being injured, caused the plaintiff Severe emotional distress, Mental anguish, depression, which constitutes an emotional/ psychological injury. The emotional injury that resulted from this grueling ordeal also constituted the Tort of Negligence and Violated the FBOP's duty of Care.

22.) The actions of USP Thomson Medical staff in refusing to continue plaintiff's pain Medication, or preferably switch to a More effective Medication. at his Second sick-call visit For the back injury constituted the tort of Medical negligence/Malpractice, and violated the FBOP's duty of Care.

23.) The Failure of Medical staff to document plaintiff's second sick-call visit for the injury constituted the Tort of Medical negligence and Violated the FBOP's duty of Care.

24.) Please note that the plaintiff plans to File a Freedom of Information Act request with the FBOP requesting that Camera Footage from the Medical department, during sick-call

hours on ~~5/26~~ 5/26/21 and 5/25/21 be provided to show if the plaintiff went to sick call on one of these days. If not, it was at the visit on 5/24/2021 where Medical Staff failed to document plaintiff's second visit about the back injury. Plaintiff will also request copies of his emails sent to medical staff around this time which may clarify dates.

25.) The actions of Nowlting and Brubaker can also be seen as intentional Torts violating 18 U.S.C. § 4042 (a); and the Tort of "Intentional Infliction of Emotional Distress."

26.) The actions of Medical Staff can also be viewed as intentional torts violating 18 U.S.C. § 4042 (a), and the intentional infliction of emotional distress.

## Relief Requested

WHEREFORE, the plaintiff asks that the Court grant the following relief:

A. Issue a declatory judgement stating that the actions of FBOP staff, described in this complaint, constituted the torts of negligence, and violated the FBOP's "duty of care" under 18 U.S.C. § 4042 (a), and constituted the intentional infliction of emotional distress.

B.) Award Compensatory damages against the defendants for the physical and emotional injuries sustained by the plaintiff.

Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my recollection.

Respectfully Submitted,

4/19/2022
Date

Gary Hancock #56765-037
USP Thomson
P.O. Box 1002
Thomson, IL 61285