**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| GARY WARREN HANCOCK, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 22 CV 50127 |
| v. | ) | |
| | ) | Magistrate Judge Lisa A. Jensen |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**AMENDED COMPLAINT**

Comes now Plaintiff Gary Warren Hancock, Jr., by and through his appointed pro bono counsel, and alleges as follows against the United States of America for his Amended Complaint pursuant to the Court's July 16, 2024 Order (ECF No. 86).

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

1. Mr. Hancock has exhausted his administrative remedies as required under 28 C.F.R. § 543.32(f). Plaintiff's administrative claim (Claim #TRT-NCR-2021-07619) was filed on August 2, 2021 and denied by the Federal Bureau of Prison's (FBOP) North Central Regional Office on December 15, 2021.

**JURISDICTION AND VENUE**

2. Mr. Hancock files this civil action pursuant to 28 U.S.C. § 1346(b), the Federal Tort Claims Act (FTCA). This Court has subject matter jurisdiction over Mr. Hancock's claims pursuant to 28 U.S.C. §§ 1331, 1343.

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Mr. Hancock's claims occurred in the Northern District of Illinois.

**PARTIES**

4.      Mr. Hancock is a federal inmate and was at all relevant times housed at USP (now FCI) Thomson in Thomson, Illinois. Mr. Hancock is currently housed at FCI Ray Brook in Ray Brook, New York.

5.      The United States of America is the only proper Defendant in the instant action brought under 28 U.S.C. § 1346(b), the Federal Tort Claims Act.

**FACTUAL ALLEGATIONS**

6.      Mr. Hancock was housed in the Special Housing Unit (SHU) at USP Thomson from April 13, 2021 to May 17, 2021.

7.      On May 17, 2021, Mr. Hancock was released from the SHU.

8.      Correctional Officers Ian Brubaker and Samantha Nowlting (now Stoecker) escorted Mr. Hancock from the SHU in E-Unit to general population in the A-Unit.

9.      While leaving the SHU, Mr. Hancock had two green, military-style duffel bags full of property. The combined weight of these two bags felt like between 250–300 pounds.

10.      In the corridors leaving the SHU in E-Unit, camera footage should show Mr. Hancock gesturing toward a push cart to transport his heavy property. Footage should also show Officers Brubaker and Nowlting refusing to allow Mr. Hancock to use the cart to transport his property, with Officer Nowlting snatching one of the bags off of the cart, letting it slam to the floor.

11.      At that time Mr. Hancock told both Officers that he still had shortness of breath from catching COVID recently, as well as chronic abdominal and back pain, and that the bags were too heavy for him to carry across the compound. Mr. Hancock told Officers Brubaker and

Nowlting that medical staff had been aware of his back pain, and he continued to ask to use a cart while leaving E-Unit.

12. The Officers continued to deny Mr. Hancock access to a cart even after they had seen that it was humanly impossible for Mr. Hancock to carry the bags on his own.

13. When ordered by Officers Brubaker and Nowlting to carry the bags, Mr. Hancock could only walk five to ten steps before he had to drop the bags to rest. Mr. Hancock estimates that the distance from the E-Unit to the A-Unit is between a third to a half of a mile.

14. On approximately the third or fourth time that Mr. Hancock tried to lift the bags, he felt a popping sensation in the right side of his lower back. This sensation was accompanied by extreme pain which shot down his legs and made it impossible for him to stand up straight for a while. This moment should be recorded by the cameras at USP Thomson.

15. Mr. Hancock told Officer Brubaker that Mr. Hancock had injured his back at that moment, but Officer Brubaker insisted that Mr. Hancock continue to carry the bags on his own.

16. After the injury it was impossible for Mr. Hancock to lift the bags, and Officer Brubaker ordered him to drag them. By this time (approximately) Officer Nowlting had walked away, leaving Officer Brubaker alone to escort Mr. Hancock. Mr. Hancock was in agonizing pain as he was forced to drag the bags across the compound. Dragging the bags wore holes in them.

17. Halfway across the compound two other inmates saw Mr. Hancock struggling to drag the bags and offered to help him. Camera footage from this date should show that even with three of them carrying the two heavy bags, the bags were cumbersome and were difficult for all three of them to carry.

3

## COUNT I

### Negligence Pursuant to 28 U.S.C. § 1346

18.     Mr. Hancock realleges each allegation above as if fully set forth herein.

19.     The actions of Officers Brubaker and Nowlting in forcing Mr. Hancock to transport a load of personal property weighing approximately 250–300 pounds, all the way across the prison compound, sadistically knowing that it was impossible for Mr. Hancock to carry this property, and refusing to allow Mr. Hancock to use a push cart when there were several push carts available, resulting in Mr. Hancock's injuring his back, all constituted the tort of negligence on the part of federal prison staff and violated the Bureau of Prison's duty of care under 18 U.S.C. § 4042(a).

## COUNT II

### Intentional Infliction of Emotional Distress Pursuant to 28 U.S.C. § 1346

20.     Mr. Hancock realleges each allegation above as if fully set forth herein.

21.     The actions of Officers Brubaker and Nowlting also constituted the tort of intentional infliction of emotional distress.  Mr. Hancock's being forced to carry the impossible load, and then being forced to drag the load for a long distance while in pain after being injured, caused Mr. Hancock severe emotional distress, mental anguish, and depression, which constitute emotional and psychological injuries.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Mr. Hancock asks the Court grant the following relief:

A)     Issue a judgment that the actions of Officers Brubaker and Nowlting described in this Amended Complaint constituted the torts of negligence and intentional inflection of emotional distress;

4

B)      Award compensatory damages against the United States of America for the

physical and emotional injuries sustained by Mr. Hancock; and

C)      Award such other and further relief that the Court deems appropriate.


Dated: August 5, 2024                              Respectfully submitted,

                                                   By: /s/ *Terri L. Mascherin*
                                                   Terri L. Mascherin
                                                   Jacob P. Wentzel
                                                   Zoë H. Reinstein
                                                   JENNER & BLOCK LLP
                                                   353 North Clark Street
                                                   Chicago, Illinois 60654
                                                   312-222-9350
                                                   tmascherin@jenner.com

                                                   *Appointed Counsel for Plaintiff Gary Hancock, Jr.*

5